**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOSHUA NEUMAN, JESSICA KELLEY, BOBBY KELLEY, and RONALD K. BUCKMAN III on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LULULEMON USA INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:26-cv-11029-SJM-APP<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Judge Anthony P. Patti |

**DEFENDANT LULULEMON USA INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendant lululemon usa inc. ("lululemon"), by its undersigned counsel, moves to dismiss the First Amended Complaint (ECF No. 13) ("FAC") filed by Plaintiffs Joshua Neuman, Bobby Kelley, Jessica Kelley, and Ronald K. Buckman, III ("Plaintiffs") under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim. This Motion is based on Defendant lululemon's supporting brief, the Declaration of Leo P. Norton with attached exhibits, and the arguments of counsel.

Undersigned counsel for Defendant lululemon met and conferred with Plaintiffs' counsel by audio-visual conference pursuant to Local Rule 7.1(a) on June

11, 2026, with follow up email communication on June 14, 2026, which resulted in the filing of the FAC. As the FAC did not resolve the issues Defendant lululemon raised, the parties met and conferred again on October 14, 2026 by audio-visual conference, during which Defendant lululemon explained the nature of the motion, including its legal basis, and requested Plaintiffs' concurrence in the relief sought. Plaintiffs did not consent to the relief requested or otherwise agree to further amend the complaint to attempt to address the deficiencies raised, thereby necessitating this motion.

**WHEREFORE**, Defendant lululemon respectfully requests that this Court:

1. Grant Defendant lululemon's motion to dismiss in full;
2. Dismiss all of Plaintiffs' claims against Defendant lululemon with prejudice; and
3. Grant Defendant lululemon such other and further relief as is just and appropriate.

Dated: October 15, 2026

Respectfully submitted,

*/s/ Michelle Doolin*
Michelle Doolin
Leo Norton
**SIDLEY AUSTIN LLP**
12230 El Camino Road, Suite 300
San Diego, CA 92130
(858) 398-0150
michelle.doolin@sidley.com
leo.norton@sidley.com

*/s/ Stephanie A. Douglas*
Stephanie A. Douglas (P70272)
Susan A. McKeever (P73533)
Gordon J. Kangas (P80773)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone/Fax: (248) 822-7800
douglas@bsplaw.com
mckeever@bsplaw.com
kangas@bsplaw.com

*Attorneys for Defendant*
*lululemon usa inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| JOSHUA NEUMAN, JESSICA KELLEY, BOBBY KELLEY, and RONALD K. BUCKMAN III on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LULULEMON USA INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:26-cv-11029-SJM-APP<br><br>Hon. Stephen J. Murphy, III<br><br>Mag. Judge Anthony P. Patti |

**BRIEF IN SUPPORT OF DEFENDANT LULULEMON USA INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page(s)**


INTRODUCTION ........................................................................................1

BACKGROUND ........................................................................................3

A. IEEPA Tariffs. ........................................................................................3

B. Defendant lululemon, Its Payment of Tariffs, and Its Strategic Pricing Decisions. ........................................................................................4

C. CIT Proceedings, Supreme Court's Invalidation of IEEPA Tariffs, and Court-Ordered IEEPA Refunds. ........................................................................................5

D. Plaintiffs' Allegations and Claims. ........................................................................................7

LEGAL STANDARD ........................................................................................8

ARGUMENT ........................................................................................9

I. PLAINTIFFS' FAC SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1). ........................................................................................9

A. Plaintiffs' Claims Are Not Ripe. ........................................................................................9

B. Plaintiffs Lack Article III Standing. ........................................................................................11

II. The FAC SHOULD BE DISMISSED UNDER RULE 12(b)(6). ........................................................................................13

A. Plaintiffs Fail to State Any Common-Law Claim. ........................................................................................13

B. Plaintiffs Fail to Plead Any Consumer Protection Claim. ........................................................................................18

C. Plaintiffs' Implied Covenant Claim Fails. ........................................................................................21

D. Equitable Accounting, Constructive Trust, and Declaratory Relief also Fail. ........................................................................................22

E. Plaintiffs' Claims Are Preempted by Federal Law. ........................................................................................23

F. The IEEPA statutory shield bars Plaintiffs' claims. ........................................................................................25

CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC Charters, Inc. v. Bronson*,
591 F. Supp. 2d 1272 (S.D. Fla. 2008) ........................................................24

*Aleisa v. GOJO Indus., Inc.*,
538 F. Supp. 3d 764 (N.D. Ohio 2021) ........................................................12

*Allen v. Mich. State Univ.*,
No. 358135, 2024 WL 4982523 (Mich. App. Dec. 4, 2024)..............................13

*Arizona v. United States*,
567 U.S. 387 (2012)........................................................................................23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................................9

*Atmus Filtration, Inc. v. United States*,
No. 26-01259, 2026 WL 2199122 (Ct. Int'l Trade Mar. 27, 2026) ......................5

*In re B & P Baird Holdings, Inc.*,
759 F. App'x 468 (6th Cir. 2019) ....................................................................16

*Barber v. SMH (US), Inc.*,
509 N.W.2d 791 (Mich. Ct. App. 1993)..........................................................13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................................8

*Buckman Co. v. Plaintiffs' Legal Comm.*,
531 U.S. 341 (2001)........................................................................................24

*Byars v. Bluff City News Co.*,
609 F.2d 843 (6th Cir. 1979) ..........................................................................15

*CareToLive v. von Eschenbach*,
525 F. Supp. 2d 938 (S.D. Ohio 2007)............................................................10

*Carman v. Yellen*,
112 F.4th 386 (6th Cir. 2024) ..........................................................................10

*Clapper v. Amnesty International USA*,
568 U.S. 398 (2013)....................................................................................12

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012) ......................................................................20

*Davis v. United States*,
499 F.3d 590 (6th Cir. 2007) ........................................................................23

*Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*,
633 F. Supp. 3d 999 (W.D. Mich. 2022)........................................................16

*Dingeman v. Reffitt*,
393 N.W.2d 632 (Mich. Ct. App. 1986)........................................................18

*Dingman v. OneWest Bank, FSB*,
859 F. Supp. 2d 912 (E.D. Mich. 2012) ........................................................22

*Doe v. University of Mich.*,
78 F.4th 929 (6th Cir. 2023) .........................................................................10

*Flores v. United Airlines*,
426 F. Supp. 3d 520 (N.D. Ill. 2019).............................................................14

*Forest City Residential Mgmt v. Beasley*,
71 F. Supp. 3d 715 (E.D. Mich. 2014) ..........................................................23

*Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*,
528 U.S. 167 (2000)....................................................................................11

*Garras v. Bekiares*,
23 N.W.2d 239 (Mich. 1946)........................................................................16

*Gen. Ret. Sys. of City of Detroit v. Onyx Cap. Advisors, LLC*,
2011 WL 4528304 (E.D. Mich. Sept. 29, 2011) ...............................................22

*Gerboc v. ContextLogic, Inc.*,
867 F.3d 675 (6th Cir. 2017) .........................................................12, 13, 14, 15

*Gorman v. Am. Honda Motor Co., Inc.*,
839 N.W.2d 223(Mich. Ct. App. 2013).....................................................19, 21

*Greenberg v. Amazon.com, Inc.*,
553 P.3d 626 (Wash. 2024) ....................................................................20

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*,
719 P.2d 531 (Wash. 1986) ....................................................................19

*Iverson Indus. Inc. v. Metal Mgmt. Ohio, Inc.*,
525 F. Supp. 2d 911 (E.D. Mich. 2007) ...................................................13

*Kerrigan v. ViSalus, Inc.*,
112 F. Supp. 3d 580 (E.D. Mich. 2015) ...................................................22

*Kussy v. Home Depot U.S.A. Inc.*,
No. 06-12899, 2006 WL 3447146 (E.D. Mich. 2006) ..............................13

*Learning Res., Inc. v. Trump*,
607 U.S. 229 (2026)..............................................................................4, 5

*Lenawee County Board of Health v. Messerly*,
331 N.W.2d 203 (Mich. 1982)..........................................15, 16, 17, 18

*Lim v. Hightower*,
No. 24-3960, 2025 WL 2965692 (6th Cir. Oct. 21, 2025) ..........................4

*MacDonald v. Hayner*,
715 P.2d 519 (Wash. Ct. App. 1986)........................................................13

*McCann v. Lucky Money, Inc.*,
129 Cal. App. 4th 1382 (2005) ................................................................14

*Moir v. Greater Cleveland Reg'l Transit Auth.*,
895 F.2d 266 (6th Cir. 1990) ....................................................................8

*Montes v. SPARC Grp., LLC*,
586 P.3d 999 (Wash. 2026) ...............................................................19, 20

*Montgomery Ward & Co. v. Williams*,
47 N.W.2d 607 (Mich. 1951)...............................................................15, 17

*MSSC, Inc. v. Airboss Flexible Products Co.*,
999 N.W.2d 335 (Mich. 2023)..................................................................22

*Nia v. Bank of America, N.A.*,
172 F.4th 1065 (9th Cir. 2026) ........................................................................25

*NLMK Pennsylvania, LLC v. U.S. Steel Corp.*,
592 F. Supp. 3d 432 (W.D. Pa. 2022)..........................................................23, 24

*Peterson v. Kitsap Cmty. Fed. Credit Union*,
287 P.3d 27 (Wash. Ct. App. 2012)..................................................................20

*Pollard v. J.P. Morgan Chase Bank, NA*,
50 F. Supp. 3d 829 (E.D. Mich. 2014) ..............................................................16

*In re Recalled Abbott Infant Formula*,
97 F.4th 525 (7th Cir. 2024) ..............................................................................12

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
78 F.3d 1125 (6th Cir. 1996) ................................................................................8

*Robbins v. New Cingular Wireless PCS, LLC*,
854 F.3d 315 (6th Cir. 2017) ..............................................................................24

*Slavik v. Baskin Law Firm*,
No. 311905, 2013 WL 6921530 (Mich. Ct. App. 2013) ....................................15

*Taylor v. Amazon.com, Inc.*,
No. 2:24-cv-00169-MJP, 2025 WL 104381 (W.D. Wash. Jan. 15, 2025) ...............................................................................................................20

*Thompson v. Love's Travel Stops & Country Stores, Inc.*,
748 F. App'x 6 (6th Cir. 2018)........................................................... 11, 12

*Trotta v. Am. Airlines, Inc.*,
No. 24-1681, 2025 WL 1144779 (6th Cir. Apr. 18, 2025)..................................14

*Trump v. New York*,
592 U.S. 125 (2020)........................................................................................9, 10

*Wexler v. Wirtz Corp.*,
809 N.E. 2d 1240 (Ill. 2004)..............................................................................14

**Other Authorities**

Fed. R. Civ. P. 12(h)(3).........................................................................................8

Rule 12(b)(6) ........................................................................................... 8

U.S. Const. Art. I, § 8, cls. 1, 3 ........................................................................... 23

U.S. Const. Art. VI, cl. 2 ...................................................................................... 23

## STATEMENT OF THE ISSUES

1. Whether Plaintiffs' claims should be dismissed for lack of Article III ripeness or prudential ripeness because they depend on future events that have not occurred, namely the unresolved scope, amount, and finality of International Emergency Economic Powers Act ("IEEPA) tariffs refunds that Defendant lululemon may receive through final resolution of its parallel action against the United States that that is presently pending before the U.S. Court of International Trade ("CIT") that seeks, among other things, a refund IEEPA tariffs that it paid.

**Defendant lululemon's Answer**: Yes.

2. Whether Plaintiffs lack Article III standing because they have not plausibly alleged that they purchased products subject to either IEEPA tariffs or Defendant lululemon's alleged price increases in response to IEEPA tariffs and because they allege no cognizable economic injury arising from voluntarily purchasing products at disclosed prices and receiving the products for which they paid.

**Defendant lululemon's Answer**: Yes.

3. Whether Plaintiffs fail to state claims for unjust enrichment, money had and received, and conversion because valid sales contracts governed their purchases, lululemon's retention of the agreed purchase prices is not inequitable, the voluntary-

payment doctrine bars recovery, and Plaintiffs' consensual payment of the purchase prices cannot support conversion.

**Defendant lululemon's Answer**: Yes.

4. Whether Plaintiffs fail to allege mutual mistake of material fact because the alleged mistake concerns legal rights and future contingencies rather than an existing material fact or a basic assumption underlying the parties' retail contracts.

**Defendant lululemon's Answer**: Yes.

5. Whether Plaintiffs fail to state claims under the Michigan Consumer Protection Act and Washington Consumer Protection Act because they allege neither a cognizable consumer injury nor an actionable unfair or deceptive act or practice, and otherwise fail to plead facts satisfying the statutory provisions they invoke.

**Defendant lululemon's Answer**: Yes.

6. Whether Plaintiffs fail to state a claim for breach of the implied covenant of good faith and fair dealing because Michigan law does not recognize the claim as an independent cause of action and the implied covenant cannot create a contractual obligation to refund IEEPA tariffs-related costs that the parties' agreements do not contain.

**Defendant lululemon's Answer**: Yes.

7. Whether Plaintiffs' claims for an equitable accounting, constructive trust, and declaratory relief should be dismissed because an accounting is

unavailable where an adequate remedy at law and ordinary discovery exist, and because constructive trust and declaratory relief are remedies rather than independent substantive causes of action and Plaintiffs plead no underlying right supporting either remedy.

**Defendant lululemon's Answer**: Yes.

8. Whether Plaintiffs' claims are independently preempted because imposing state-law liability based on Defendant lululemon's receipt and retention of federal tariffs refunds would intrude upon the exclusively federal field of tariffs and foreign commerce and would conflict with the federal statutory and administrative framework governing tariffs refunds.

**Defendant lululemon's Answer**: Yes.

9. Whether IEEPA's liability shield, 50 U.S.C. § 1702(a)(3), independently bars Plaintiffs' claims because the challenged conduct was undertaken by reason of and in reliance on the then-operative IEEPA tariffs regime.

**Defendant lululemon's Answer**: Yes.

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 12(b)(1), 12(b)(6)

50 U.S.C. § 1702(a)(3)

Mich. Comp. Laws § 445.903(1)

*Clapper v. Amnesty International USA*, 568 U.S. 398 (2013)

*Trump v. New York*, 592 U.S. 125 (2020)

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)

*Arizona v. United States*, 567 U.S. 387 (2012)

*Carman v. Yellen*, 112 F.4th 386 (6th Cir. 2024)

*Doe v. University of Mich.*, 78 F.4th 929 (6th Cir. 2023)

*Gerboc v. ContextLogic, Inc.*, 867 F.3d 675 (6th Cir. 2017)

*Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315 (6th Cir. 2017)

*MSSC, Inc. v. Airboss Flexible Products Co.*, 999 N.W.2d 335 (Mich. 2023)

*Lenawee County Board of Health v. Messerly*, 331 N.W.2d 203 (Mich. 1982)

*Montgomery Ward & Co. v. Williams*, 47 N.W.2d 607 (Mich. 1951)

*Aleisa v. GOJO Indus., Inc.*, 538 F. Supp. 3d 764 (N.D. Ohio 2021)

*CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938 (S.D. Ohio 2007)

*NLMK Pennsylvania, LLC v. U.S. Steel Corp.*, 592 F. Supp. 3d 432 (W.D. Pa. 2022)

*Nia v. Bank of America, N.A.*, 172 F.4th 1065 (9th Cir. 2026)

## INTRODUCTION

Plaintiffs seek partial refunds from Defendant lululemon usa inc. ("Defendant lululemon") for products that Plaintiffs purportedly purchased at allegedly higher prices due to since-invalidated International Emergency Economic Powers Act ("IEEPA") tariffs. Plaintiffs contend that they are entitled to a portion of IEEPA tariffs refunds that Defendant lululemon may recover from the federal government in the amount of the allegedly higher prices they paid because of IEEPA tariffs.

Plaintiffs effectively seek to travel back in time to obtain a price adjustment on their long since completed voluntary purchases. But there is no liability for charging consumers prices they are willing to pay, regardless of a seller's profit margin, cost components, or other pricing considerations. As such, Plaintiffs do not have a viable claim against Defendant lululemon based on any IEEPA tariffs refunds it may receive, which Plaintiffs concede Defendant lululemon has the exclusive right to obtain under the federal tariffs framework.

The crux of the FAC is that Plaintiffs contend that they indirectly bore some of the IEEPA tariffs costs that Defendant lululemon paid in the form of allegedly higher prices, and so it would be unjust or unfair for Defendant lululemon to obtain IEEPA tariffs refunds without in turn refunding a portion to Plaintiffs. Based on these allegations, Plaintiffs assert ten counts under common law equitable, contractual, and statutory consumer protection theories. Through these claims,

Plaintiffs principally seek to recover the alleged IEEPA tariffs cost component of the allegedly higher total prices they paid, particularly to the extent Defendant lululemon receives refunds or other recovery for those same IEEPA tariffs costs from the federal government. Each of Plaintiffs' claims fails for lack of jurisdiction and for failure to state a claim.

To start, the FAC fails for lack of subject matter jurisdiction because Plaintiffs' claims are not ripe under Article III (or non-jurisdictional prudential ripeness) because their claims depend on a chain of future events. Specifically, Plaintiffs' claims are dependent on Defendant lululemon receiving IEEPA tariffs refunds through its parallel action before the U.S. Court of International Trade ("CIT"), and the unprecedented in scale CIT court-mandated IEEPA tariffs refund process being administered by U.S. Customs and Border Protection ("CBP"). As Plaintiffs acknowledge, Defendant lululemon's parallel CIT action is pending and the refund process is ongoing. Plaintiffs' claims depend on final resolution of these future events, and as such, they do not present a live case or controversy.

Subject matter jurisdiction also does not exist here because Plaintiffs do not allege an injury sufficient to establish Article III standing. Plaintiffs voluntarily paid for products at displayed prices, and they received the products they paid for in standard retail purchase transactions. Plaintiffs' subsequent dissatisfaction with the price they voluntarily paid is not a cognizable injury under Article III.

Even if Plaintiffs could establish subject matter jurisdiction, their legal theories otherwise fail. Plaintiffs' unjust enrichment, money had and received, and conversion claims independently fail because their purchases were governed by valid sales contracts, they received the products they voluntarily purchased at disclosed prices, and the voluntary payment or economic-loss doctrine bars recovery. Their Michigan and Washington consumer protection claims also independently fail because the FAC does not allege an unfair or deceptive practice or an injury caused by that practice. Their invocation of mutual mistake of material fact, implied covenant of good faith and fair dealing, and equitable accounting are also all inapplicable as a matter of law. And the constructive trust and declaratory relief claims fail because neither is an independent cause of action. Lastly, each of their claims is preempted by federal law and barred by the IEEPA liability shield.

For each of these reasons, Plaintiffs' FAC should be dismissed in its entirety without leave to amend.

## BACKGROUND

### A. IEEPA Tariffs.

Starting in February 2025, President Trump invoked IEEPA to impose tariffs on certain imports from certain countries. (ECF No. 13, PageID.37 ¶ 1). The tariffs varied by country and changed over time, as tariffs rates on certain countries were

raised or lowered and "sets of goods" were "shifted" in and out of the "tariff framework." *Learning Res., Inc. v. Trump*, 607 U.S. 229, 238 (2026).

### B. Defendant lululemon, Its Payment of Tariffs, and Its Strategic Pricing Decisions.

Defendant lululemon offers technical apparel, athletic shoes, and accessories. (ECF No. 13, PageID.41¶ 17, PageID.42 ¶ 26). As an importer of record, it paid IEEPA tariffs to CBP on certain imported goods. (*Id.* at PageID.37–38 ¶¶ 1, 3).

Plaintiffs allege that the CFO of Defendant lululemon announced in a June 2025 earnings call that it would raise prices in response to IEEPA tariffs and further allege its CEO confirmed this in a September 2025 interview. (*Id.* at PageID.44 ¶¶ 35–36). But the CFO's actual statements (which the CEO purportedly confirmed) were that Defendant lululemon made strategic price increases on a small portion of its product assortment based on its typical, long term pricing strategy, considering pricing elasticities and market opportunities. Declaration of Leo P. Norton ("Norton Decl."), Exhibit 1, Pages 10-11 (June 5, 2025, FY 2025 Q1 Earnings Call Tr.).[1] While such limited price increases had the effect on its reported financial statements

[1] This Court can take notice of the CFO's public statements and the CIT filings in Section C. below without converting this motion to one for summary judgment because (i) they are publicly available and their authenticity cannot be reasonably questioned and (ii) the statements and CIT proceedings are referenced in the FAC. *See Lim v. Hightower*, No. 24-3960, 2025 WL 2965692, at *4–5 (6th Cir. Oct. 21, 2025) (considering statements referenced in complaint under incorporation-by-reference doctrine and taking judicial notice on the separate basis that they were publicly available and their authenticity was not disputed).

of mitigating the impact of IEEPA tariffs, Defendant lululemon did not raise prices to pass through IEEPA tariffs costs because of such tariffs. (*Id*.)

### C. CIT Proceedings, Supreme Court's Invalidation of IEEPA Tariffs, and Court-Ordered IEEPA Refunds.

On January 8, 2026, Defendant lululemon sued the United States in the CIT, challenging the IEEPA tariffs and seeking refunds for such tariffs it had paid. (ECF No. 13, PageID.45 ¶ 41; ECF No. 13-3.) That action is pending. *Lululemon USA Inc. v. United States*, No. 1:26-cv-00465-RKE, Docket and text only entry for ECF No. 8 (Ct. Int'l Trade 2026) (Norton Decl. Ex. 2).

On February 20, 2026, the Supreme Court invalidated all IEEPA-based tariffs. (ECF No. 13, PageID.45 ¶ 42); *Learning Resources, Inc.*, 607 U.S. at 255. The CIT then ordered CBP to refund unliquidated and non-final IEEPA duties entries. *Atmus Filtration, Inc. v. United States*, No. 26-01259, 2026 WL 2199122, at *1 (Ct. Int'l Trade Mar. 27, 2026); *see also* (ECF No. 13, PageID.46 ¶ 45.) Under the federal customs framework, importers of record—not downstream purchasers—possess the right to seek IEEPA tariffs refunds. *V.O.S. Selections, Inc. v. United States*, No. 1:25-cv-00066-RKE, ECF No. 82, PageID.3 (Ct. Int'l Trade Apr. 17, 2026) (Norton Decl. Ex. 3). Plaintiffs concede this. (ECF No. 13, PageID.38–39 ¶ 6.)

CBP's implementation of the refund process is ongoing. CBP has described the refund effort as "unprecedented" in scale, involving billions of dollars in duties and thousands of importers. *Atmus Filtration, Inc. v. United States*, No. 1:26-cv-

01259-RKE, ECF No. 31, PageID.6–7, 11 ¶¶ 12, 17, 26 (Ct. Int'l Trade Mar. 6, 2026) (Norton Decl. Ex. 4); (ECF No. 13, PageID.47 ¶¶ 48–50).

In late April 2026, CBP opened the Consolidated Administration and Processing of Entries ("CAPE"), a system for certain refund requests involving unliquidated and recently liquidated entries, while continuing to develop functions for other request types. *V.O.S. Selections*, No. 1:25-cv-00066-RKE, ECF No. 88, PageID.2-3, ECF No. 89, PageID.2 (Ct. Int'l Trade 2026) (Norton Decl. Exs. 5–6).

On July 17, 2026, the CIT ordered CBP to refund all IEEPA duties entries that had been liquidated for more than 80 days, subject to Defendant lululemon and other importer-plaintiffs providing importer-of-record identification information and CBP's acceptance of corresponding CAPE declarations. *Lululemon USA Inc.*, No. 1:26-cv-00465, ECF No. 10, PageID.1-4 (Ct. Int'l Trade dated Jul. 17, 2026, and filed Jul. 21, 2026) (Norton Decl. Ex. 7). In the order, the CIT contemplates some importer plaintiffs will need further court assistance for all refunds to be paid, and that any importer-plaintiffs that have received all relief sought will voluntarily dismiss their case. *Id.* The CBP refund process remains ongoing for Defendant lululemon, and its case before the CIT is stayed except as stated in the order. *Id.*; *Lululemon USA Inc.*, No. 1:26-cv-00465, Docket (Ct. Int'l Trade 2026) (Norton Decl. Ex. 2). Indeed, the FAC concedes the refund process is ongoing as to Defendant lululemon. (ECF No. 13, PageID.47 ¶¶ 49-50).

On August 18, 2026, the Department of Justice notified plaintiffs' counsel in all IEEPA refund litigation before the CIT that CBP needed to temporarily delay CAPE Phase 3 and similarly advised the CIT of the delay on August 25, 2026. *Freestyle World, Inc. v. U.S. Customs & Border Prot.*, No. 1:26-cv-01088-RKE, ECF No. 38, PageID.4 ¶ 8 (Ct. Int'l Trade Aug. 25, 2026) (Norton Decl. Ex. 8).

On September 15, 2026, CBP represented that importers will be able to submit CAPE Phase 3 declarations beginning on October 6, 2026, without specifying how long it expects CAPE Phase 3 to take. *See Freestyle World*, No. 1:26-cv-01088-RKE, ECF No. 50, PageID.4 (Ct. Int'l Trade Sept. 15, 2026) (Norton Decl. Ex. 9).

**D. Plaintiffs' Allegations and Claims.**

Plaintiffs filed the FAC on September 15, 2026. (ECF No. 13.) Plaintiffs allege that Defendant lululemon purportedly passed on IEEPA tariffs costs to Plaintiffs in the form of higher prices. (*Id.*, PageID.40 ¶¶ 13–16, PageID.44 ¶¶ 37–38.) Plaintiffs further allege that the Supreme Court later invalidated the IEEPA tariffs, creating the opportunity for Defendant lululemon to obtain refunds for the IEEPA tariffs that it paid. (*Id.*, PageID.45–46 ¶¶ 42, 45.) Plaintiffs theorize that they bore part of the costs of IEEPA tariffs by paying higher total prices, and Defendant lululemon should, therefore, in turn refund its customers a proportionate share of any such refunds that it may receive from the government. (*Id.*, PageID.39 ¶¶ 9–12.)

Based on these allegations, Plaintiffs assert, on their own behalf and on behalf of a putative class, ten counts for (1) unjust enrichment/quasi contract, (2) conversion, (3) money had and received, (4) constructive trust, (5) mutual material mistake of fact, (6) breach of the implied covenant of good faith and fair dealing, (7)-(8) violations of the Washington and Michigan consumer protection acts, (9) declaratory relief, and (10) equitable accounting.[2] (*Id.*, PageID.51–70 ¶¶ 62–157.) Plaintiffs seek damages, restitution, establishment of a constructive trust, declaratory and injunctive relief, and an equitable accounting. (*Id.*, PageID.71–73 ¶ 159(a)–(n).)

## LEGAL STANDARD

A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to challenges under Rule 12(b)(6), since proper jurisdiction is a prerequisite to determining the validity of a claim. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Plaintiffs bear the burden of showing jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). If the court at any time determines it lacks jurisdiction, it must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3).

[2] Plaintiffs do not specify what law applies to their common law claims. As Plaintiffs allege that they Michigan residents that reside in this judicial district and as they assert claims under the Michigan Consumer Protection Act, Defendant lululemon assumes for purposes of this motion that Michigan law applies to Plaintiffs. Defendant lululemon reserves all rights on applicable law and choice of law issues as to the claims asserted on behalf of the putative nationwide class.

A complaint must be dismissed under Rule 12(b)(6) if it fails to allege facts sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While a court must view the complaint in the light most favorable to the plaintiffs, it does not presume the truth of legal conclusions framed as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. PLAINTIFFS' FAC SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1).

#### A. Plaintiffs' Claims Are Not Ripe.

##### 1. Article III ripeness bars Plaintiffs' claims.

Plaintiffs' claims are not ripe under Article III because they are dependent on "contingent future events that may not occur as anticipated" or "occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020). Plaintiffs' theory of liability is that Defendant lululemon allegedly (i) passed the costs of IEEPA tariffs on to consumers through allegedly higher prices and (ii) will receive—or has begun receiving—refunds of those same tariffs costs from the federal government, leading to a result that is allegedly "fundamentally inequitable" or an alleged "double benefit." (ECF No. 13, PageID.38-40 ¶¶ 2–12; PageID.52 ¶ 68.) But Defendant lululemon's CIT proceedings and the CIT's court-ordered refund process administered by CBP remain ongoing and nonfinal, as Plaintiffs themselves recognize. (*Id.*, PageID.38 ¶

5, PageID.47 ¶ 50.); *see* Background C, *supra*. Whether and when Defendant lululemon receives a refund of all unlawfully collected IEEPA tariffs duties remains open. Because Plaintiffs' claims depend on the outcome of the ongoing refund process—including the nature, amount, and finality of any refunds—their claims rest on contingent future events and do not presently present a concrete dispute suitable for adjudication. *See Trump*, 592 U.S. at 131.

**2. Prudential ripeness similarly bars Plaintiffs' claims.**

Plaintiffs' claims should also not be decided at this time based on non-jurisdictional, prudential ripeness grounds. This doctrine permits federal courts to withhold review until the issues are more fully developed. Courts consider "(1) whether a claim is fit for judicial review; and (2) the hardship to the parties." *Carman v. Yellen*, 112 F.4th 386, 401 (6th Cir. 2024). Plaintiffs' claims are not fit for judicial review at this time for the same reasons set forth above for Article III ripeness. *See Doe v. Univ. of Mich.*, 78 F.4th 929, 950 (6th Cir. 2023) (finding claims unripe where they depended on a number of presently unknowable factors); *CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 947 (S.D. Ohio 2007) (holding issues not fit for adjudication where the FDA had not rendered a final agency action). Nor will Plaintiffs suffer any hardship as they seek only retrospective de minimis monetary relief for long completed transactions and identify no ongoing injury requiring immediate adjudication. *CareToLive*, 525 F. Supp. 2d at 947 (finding plaintiffs faced

no hardship from waiting for a final agency action before bringing suit). As such, Plaintiffs' claims should be dismissed pursuant to the prudential ripeness doctrine.

**B. Plaintiffs Lack Article III Standing.**

To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180–81 (2000).

Initially, the FAC does not plead facts showing that any named Plaintiff personally purchased a product affected by any alleged tariff-related price increase. For each Plaintiff, the FAC alleges only that, sometime "[w]ithin the Relevant Time Period," he or she "purchased clothing from Lululemon subject to IEEPA tariffs, at prices inflated by Lululemon's pass-through of IEEPA tariff costs." (ECF No. 13, PageID.40–41 ¶¶ 13–16.) The FAC does not identify any product purchased, the date or price of any purchase, the IEEPA tariff amount applicable to that product, or the amount of any tariff-related price increase. These conclusory allegations do not establish injury, particularly where, as here, Defendant lululemon allegedly raised prices (again, not because of tariffs) on only a small portion of its product assortment. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F.

App'x 6, 10 (6th Cir. 2018) (finding no standing where injury allegations were conclusory).

Plaintiffs also allege only a speculative future injury to the extent their claims are premised on Defendant lululemon's receipt and retention of tariffs refunds. As explained above, the amount and scope of any additional refunds Defendant lululemon will receive remain unresolved. (*See* Background, Section C. above.) Allegations premised on such future events do not establish an injury that is actual or imminent. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 416 (2013).

Plaintiffs further fail to identify any cognizable economic injury arising from their retail purchases. They voluntarily purchased products at displayed prices and received those products in return for the money paid. Subsequent dissatisfaction with a price paid in an arm's-length transaction is not a legally cognizable injury where Plaintiffs received what they bargained for. *In re Recalled Abbott Infant Formula*, 97 F.4th 525, 531 (7th Cir. 2024); *see also Gerboc v. ContextLogic, Inc.*, 867 F.3d 675, 679 (6th Cir. 2017) (rejecting claims based on plaintiff's retroactive desire to pay less because he "got what he paid for"); *Aleisa v. GOJO Indus., Inc.*, 538 F. Supp. 3d 764, 772–73 (N.D. Ohio 2021) (holding no injury where plaintiffs paid for and received the product purchased in an arm's-length transaction).

Because Plaintiffs have not alleged standing, their claims should be dismissed.

## II. The FAC SHOULD BE DISMISSED UNDER RULE 12(b)(6).

### A. Plaintiffs Fail to State Any Common-Law Claim.

#### 1. The claims for unjust enrichment, money had and received, and conversion fail as a matter of law.

Claims for money had and received and unjust enrichment are two sides of the same coin. *See Allen v. Mich. State Univ.*, No. 358135, 2024 WL 4982523, at *14 (Mich. App. Dec. 4, 2024). A plaintiff must show: "(1) receipt of a benefit by the defendant from the plaintiff, and (2) an inequity resulting to plaintiff from defendant's retention of the benefit." *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). Both claims fail for three independent reasons.

First, "[t]here is no claim for unjust enrichment when there exists a valid contract covering the same subject matter." *Iverson Indus. Inc. v. Metal Mgmt. Ohio, Inc.*, 525 F. Supp. 2d 911, 922 (E.D. Mich. 2007) (citing *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. 2006)); *see also MacDonald v. Hayner*, 715 P.2d 519, 522 (Wash. Ct. App. 1986). Here, a sales contract was formed when Plaintiffs purchased products from Defendant lululemon at the stated price. Those contracts bar Plaintiffs' unjust enrichment claims. *See Gerboc*, 867 F.3d at 678–79 (holding purchase of speakers was a contract, foreclosing unjust enrichment); *Kussy v. Home Depot U.S.A. Inc.*, No. 06-12899, 2006 WL 3447146, at *3–4 (E.D. Mich. 2006) (holding no unjust enrichment because the parties entered into a contract when plaintiff purchased wire from Home Depot). And as discussed below, Plaintiffs

cannot sidestep this contractual agreement by asserting mutual mistake of fact. (*See* Argument, Section II.A.2, below.)

Second, Plaintiffs do not plausibly allege that Defendant lululemon's receipt and retention of the stated price for the products allegedly purchased results in an inequity to Plaintiffs under the circumstances. Retail pricing is dynamic and reflects various factors, whether known or anticipated, including elasticity and business choices. Costs are but one such factor. And the subsequent recovery, reduction, or elimination of costs a business incurs—including any recovery of tariffs from the federal government—does not retroactively transform previously disclosed prices into unjust enrichment. *See Gerboc*, 867 F.3d at 679 (holding unjust enrichment claim not viable where plaintiff received the product he purchased); *Trotta v. Am. Airlines, Inc.*, No. 24-1681, 2025 WL 1144779, at *2 (6th Cir. Apr. 18, 2025) (same where plaintiff voluntarily paid the listed price for service and received that service).

After all, "[t]here is nothing immoral, oppressive, unscrupulous or unethical about charging a consumer a price she is willing to pay," regardless of costs or profit margins. *Flores v. United Airlines*, 426 F. Supp. 3d 520, 531 (N.D. Ill. 2019); *see also McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1395 (2005) ("Defendants are engaged in business for a profit. Their failure to disclose their own costs or profit margins is not … unfair."); *Wexler v. Wirtz Corp.*, 809 N.E. 2d 1240, 1245 (Ill. 2004) (importing distributor's decision to increase its wholesale prices to

offset tax burden was "purely a business decision" that depended on, *inter alia*, an "assessment of factors such as consumer demand and price sensitivity"). Any other result would require an improper level of judicial management over businesses' pricing decisions based on equitable principles (as compared to actions in law, like breach of contract). *See Byars v. Bluff City News Co.*, 609 F.2d 843, 864 n.57 (6th Cir. 1979) ("[F]ederal judges do not make good regulators of business conduct.").

Third, Plaintiffs' claims are barred by the voluntarily payment doctrine. Payments voluntarily made with "full knowledge of the facts … cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying." *Montgomery Ward & Co v. Williams*, 47 N.W.2d 607, 612 (Mich. 1951) (quotation omitted); *see also Slavik v. Baskin Law Firm*, No. 311905, 2013 WL 6921530, at *2–3 (Mich. Ct. App. 2013) (holding payments made with "full knowledge of … the circumstances," and "without artifice, fraud, or deception" "cannot be recovered"); *Gerboc*, 867 F.3d at 679. Here, Plaintiffs knew the actual price and voluntarily paid it. It is irrelevant that Plaintiffs did not know that Defendant lululemon might eventually recover refunds—such "misapprehension of [lululemon's] legal rights and obligations" cannot defeat the voluntary payment doctrine, *Montgomery*, 47 N.W.2d at 612, particularly where those legal rights were unsettled at the time of purchase. *See Lenawee Cnty. Bd. of*

*Health v. Messerly*, 331 N.W.2d 203, 207 (Mich. 1982) ("prediction as to a future occurrence or non-occurrence" is not a mistake of fact).

Because Defendant lululemon has not retained any benefit inequitably, the unjust enrichment and money had and received claims fail.

Common law conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Pollard v. J.P. Morgan Chase Bank, NA*, 50 F. Supp. 3d 829, 834 (E.D. Mich. 2014) (quoting *Foremost Ins. Co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992)). Conversion requires ownership in or immediate right to possession of property. *See Garras v. Bekiares*, 23 N.W.2d 239, 242 (Mich. 1946) (holding that there can be no conversion of money unless there was an obligation on the part of the defendant to deliver specific money to the plaintiff.) Notably, "a consensual transfer does not meet the definition of conversion." *Dicastal N. Am., Inc. v. Markowitz Metals Grp., LLC*, 633 F. Supp. 3d 999, 1021 (W.D. Mich. 2022); *In re B & P Baird Holdings, Inc.*, 759 F. App'x 468, 475 (6th Cir. 2019). Here, Plaintiffs seek a monetary recovery based on voluntary agreements to purchase products sold at agreed-upon prices. In this context, they cannot plausibly show ownership in or an immediate right to possession of the money, which Defendant lululemon was not obligated to deliver to them. Further, they ground their conversion claim in a

"consensual transfer" of their money in exchange for received products. Their conversion claim therefore fails as a matter of law.

### 2. Plaintiffs cannot assert mutual mistake of material fact.

Plaintiffs' invocation of mutual mistake of material fact does not save their claims. To show such a mistake, a plaintiff must establish that the parties had an "erroneous belief" that "relate[d] to a fact in existence at the time the contract [wa]s executed" and pertained to "a basic assumption … upon which the contract is made, and which materially affect[ed] the agreed performances." *Messerly*, 331 N.W.2d at 207. That belief "may not be, in substance, a prediction as to a future occurrence or non-occurrence." *Messerly*, 331 N.W.2d at 207. Plaintiffs' attempt to assert a mistake of fact fails several times over.

For one, this was a mistake of ***law***, not fact. Any mistake as to the legality of IEEPA tariffs is a "misapprehension" of "legal rights and obligations." *Montgomery*, 47 N.W.2d at 612. The alleged mistake concerns Defendant lululemon's obligations and refund rights vis-à-vis the federal government—matters the parties' ordinary retail contracts did not purport to define, compromise, or allocate.

Moreover, the allege "mistake" did not relate to a fact in existence at the time the contract for the sale of goods was made. When Plaintiffs purchased their products, the IEEPA tariffs regime was in place, and its legal fate remained uncertain. In the FAC's own words, the mistake turned on "***the possibility*** that the

tariffs would be declared unlawful." (ECF No. 13, PageID.60–61 ¶ 108.) (emphasis added). That is, by its very terms, a prediction as to a future occurrence or non-occurrence.

And finally, the purported "mistake" did not concern a basic assumption that materially affected the agreement. The bargain here was straightforward: Plaintiffs agreed to pay the disclosed retail price in exchange for lululemon products, and both sides received the benefit of their bargain. Nothing about the subsequent IEEPA tariffs decision "materially affect[ed] the agreed performances of the parties." *Dingeman v. Reffitt*, 393 N.W.2d 632, 635 (Mich. Ct. App. 1986) (quoting *Messerly*, 331 N.W.2d. at 209).

Plaintiffs have therefore failed to allege a mutual mistake of material fact.

### B. Plaintiffs Fail to Plead Any Consumer Protection Claim.

Plaintiffs assert statutory consumer protection claims under Washington and Michigan law, but fail to state viable claims under either statute.[3] A Washington

---

[3] The FAC fails to explain the basis for Plaintiffs asserting a statutory claim under Washington law. Plaintiffs do not reside in Washington or allege that they purchased their products there. Although Plaintiffs advance conclusory allegations that Defendant lululemon's "United States headquarters" is located in Washington and certain product, pricing, and refund decisions were made there, such are rebutted through records maintained by Nevada and Washington, of which this Court may take judicial notice, which show that Defendant lululemon is a Nevada corporation with its headquarters/principal place of business in Canada, not Washington. (Norton Decl. Exs. 10-11.) Defendant lululemon reserves all rights on applicable law and choice of law issues as to the claims asserted on behalf of the putative nationwide class.

Consumer Protection Act (CPA) claim requires "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Michigan's statute imposes similar requirements for the three provisions Plaintiffs invoke. Mich. Comp. Laws § 445.903(1), (1)(cc), (1)(s), and (1)(z). Plaintiffs cannot state claims under any part of these two statutes.

**Injury.** As addressed in part in the Article III standing section above (*see* Section I.B), Plaintiffs do not allege a cognizable injury that fits within these statutes. "A consumer does not suffer an injury 'in her business or property' when she purchases—and obtains and keeps—the fungible product she sought to obtain," even if that purchase was allegedly induced by "misrepresent[ations]" regarding "the product's price history." *Montes v. SPARC Grp., LLC*, 586 P.3d 999, 1002 (Wash. 2026); *Gorman v. Am. Honda Motor Co., Inc.*, 839 N.W.2d 223, 233 (Mich. Ct. App. 2013) (holding consumer loss requires actual economic injury or frustration of a "reasonable expectation[]" based on a breached promise). Plaintiffs do not allege that the products "were worth less than [they] paid for them," or that the products "differed in any material, objective way" from what was advertised. *Montes*, 586 P.3d at 1002. Because they received what they purchased, they cannot show injury.

**Unfairness or Deception.** Plaintiffs assert unfairness under Washington's CPA based on "substantial injury." (ECF No. 13, PageID.65 ¶ 130.) The "substantial injury" test requires that the defendant's conduct resulted in consumer injury that is (1) "substantial," (2) "not … outweighed by any countervailing benefits to consumers or competition that the practice produces," and (3) "an injury that consumers themselves could not have reasonably avoided." *Greenberg v. Amazon.com, Inc.*, 553 P.3d 626, 639 (Wash. 2024) (quotation omitted). Plaintiffs do not allege an injury, let alone a "substantial" injury. On the contrary, they allege that they "purchase[d]—and obtain[ed] and ke[pt]—the fungible product [they] sought to obtain." *Montes*, 586 P.3d at 1002. Moreover, their purported injuries were "reasonably avoidable." *Greenberg*, 553 P.3d at 642. "An injury is reasonably avoidable if consumers have reason to anticipate the impending harm and the means to avoid it." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (quotation omitted). Plaintiffs could have avoided paying higher prices by not purchasing the product, shopping for the same type of products elsewhere, or purchasing after the legal challenges to were resolved. *See Taylor v. Amazon.com, Inc.*, No. 2:24-cv-00169-MJP, 2025 WL 104381, at *6 (W.D. Wash. Jan. 15, 2025).

Nor do Plaintiffs adequately allege any "deceptive" conduct. An act is "deceptive" if it "had the capacity to deceive." *Peterson v. Kitsap Cmty. Fed. Credit Union*, 287 P.3d 27, 37–38 (Wash. Ct. App. 2012). Plaintiffs' point to Defendant

lululemon's alleged lack of disclosure that tariff-related price increases "would be mitigated and recovered" and that Defendant lululemon "would not refund th[ose] tariff costs." (ECF No. 13, PageID.64–65, ¶ 128.) But Defendant did not raise prices because of tariffs. Moreover neither allegation shows deception. That the tariffs would later be "recovered" was a future judicial and governmental contingency, not an existing material fact. And Defendant lululemon's silence as to whether it would "refund" those costs is no different. The FAC identifies no statement promising a refund and no duty requiring Defendant lululemon to disclose that completed retail prices would remain final if IEEPA tariffs were later refunded.

For the same reasons, Plaintiffs' Michigan claim fails under every provision they invoke. Sections 445.903(1)(cc) and (s) do not apply because, as discussed, the ultimate fate of the IEEPA tariffs is not a material fact, and nothing about Defendant lululemon's conduct was deceptive. And the § 445.903(1)(z) claim that Defendant lululemon's prices were "grossly in excess of the price at which similar property … [was] sold" is baseless. The FAC points to no comparator products and alleges no facts that would support this assertion. In short, these claims fail at each element.

### C. Plaintiffs' Implied Covenant Claim Fails.

Plaintiffs' standalone claim for breach of the implied covenant of good faith and fair dealing violates well-settled law. For one, Michigan does not recognize this claim as an independent cause of action. *See Gorman*, 839 N.W.2d at 236. Next,

"good faith" cannot supply an obligation missing from the parties' agreement. *See MSSC, Inc. v. Airboss Flexible Prods. Co.*, 999 N.W.2d 335, 346 (Mich. 2023). Plaintiffs concede, "[n]othing in their contract or course of dealing addressed" what would occur if the IEEPA tariffs were later invalidated or refunded. (ECF No. 13, PageID.60–61 ¶ 108.) The implied covenant cannot rewrite completed sales contracts to impose an obligation upon which the parties never agreed.

### D. Equitable Accounting, Constructive Trust, and Declaratory Relief also Fail.

**Equitable Accounting.** Plaintiffs' claim for equitable accounting fails because they have not established an entitlement to refunds—and regardless, "[a] plaintiff seeking an accounting has no right to proceed in equity if," as here, "he has an adequate remedy at law." *Gen. Ret. Sys. of City of Detroit v. Onyx Cap. Advisors, LLC*, 2011 WL 4528304, at *13 (E.D. Mich. Sept. 29, 2011). Here, ordinary discovery can determine any amounts allegedly owed. *See Kerrigan v. ViSalus, Inc.*, 112 F. Supp. 3d 580, 618 (E.D. Mich. 2015) (holding no equitable accounting where "discovery could determine the amounts at issue").

**Constructive Trust.** Plaintiffs' constructive trust claim fails because it is a equitable remedy, not a substantive claim. *E.g., Dingman v. OneWest Bank, FSB*, 859 F. Supp. 2d 912, 921 (E.D. Mich. 2012) ("[N]o independent cause of action for constructive trust exists; a constructive trust is merely a remedy."). As Plaintiffs have legal remedies and their substantive claims fail, this claim fails as well.

**Declaratory Relief**. Count IX should likewise be dismissed because declaratory relief is a remedy. *See Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Since Plaintiffs' substantive claims fail, this claim necessarily fails.

### E. Plaintiffs' Claims Are Preempted by Federal Law.

State law is preempted where Congress intended federal law to occupy a field exclusively or where state law conflicts with federal objectives. U.S. Const. Art. VI, cl. 2; *Arizona v. United States*, 567 U.S. 387, 399 (2012). "Field preemption applies where the federal scheme of regulation of a defined field is so pervasive that Congress must have intended to leave no room for the states to supplement it." *Forest City Residential Mgmt v. Beasley*, 71 F. Supp. 3d 715, 726 (E.D. Mich. 2014) (quotation omitted). Conflict preemption applies "when state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." *Id.* at 727. Both doctrines bar Plaintiffs' claims here.

Plaintiffs' claims are field preempted because they directly intrude upon an area of uniquely federal concern: international trade and tariffs. Article I grants Congress the power "[t]o lay and collect Taxes, Duties, Imposts, and Excises," and "[t]o regulate Commerce with foreign Nations." U.S. Const. Art. I, § 8, cls. 1, 3. Accordingly, Congress has established a comprehensive federal system governing tariffs. *NLMK Pa., LLC v. U.S. Steel Corp.*, 592 F. Supp. 3d 432, 448–53 (W.D. Pa. 2022). "[S]tates," meanwhile, "have no history of regulation in the field of tariffs."

*Id.* at 446. Rather, "issues relating to … tariffs" are "the exclusive domain of the federal government." *Id.* at 446–47; *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 347–48 (2001) (no presumption against preemption for traditionally federal subject matter). Here, although Plaintiffs invoke state statute and the common law, their claims arise entirely out of, or relate directly to, the federal government's administration of tariffs. In doing so, Plaintiffs are attempting to use state law claims as a vehicle to change the federal tariffs framework. Courts have rejected such attempts. *See NLMK*, 592 F. Supp. 3d at 448-54; *see also ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1304 (S.D. Fla. 2008).

Plaintiffs' claims are independently barred by conflict preemption because they stand as an obstacle to the federal government's administration of its tariffs framework. Obstacle preemption applies where "the state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quotation omitted). Here, Plaintiffs seek to superimpose state law legal theories on top of the federal government's tariffs framework redistribute tariffs refunds to downstream consumers. Importers' federal rights would no longer be governed exclusively by federal law, but instead by a patchwork of state statutory (as in *NLMK*, 592 F. Supp. 3d at 448-54) or common law claims. The Supremacy Clause does not permit this. *See Robbins*, 854 F.3d at 319.

### F. The IEEPA statutory shield bars Plaintiffs' claims.

Plaintiffs' claims are barred by IEEPA's liability shield because Defendant lululemon acted in good faith reliance on the then-operative IEEPA tariffs framework. The statutory shield is "expansive." *Nia v. Bank of Am., N.A.*, 172 F.4th 1065, 1070 (9th Cir. 2026). A party's conduct need not have been "compelled" by IEEPA for the shield to apply—what matters is that the party acted "by reason of" and with "dependence" on IEEPA or an IEEPA-based rule. *Id.* The shield applies here because Plaintiffs assert that the alleged price increases purportedly occurred because of the IEEPA tariffs. As such, they were allegedly undertaken "by reason of" and with "dependence" on the then-valid framework. *Nia*, 172 F.4th at 1070.

## CONCLUSION

For these reasons, the FAC should be dismissed with prejudice.

Dated: October 15, 2026

Respectfully submitted,

By: /s/ *Michelle Doolin*
Michelle Doolin
Leo P. Norton
**SIDLEY AUSTIN LLP**
12230 El Camino Road, Suite 300
San Diego, CA 92130
(858) 398-0150
michelle.doolin@sidley.com
leo.norton@sidley.com

/s/ *Stephanie A. Douglas*
Stephanie A. Douglas (P70272)
Susan A. McKeever (P73533)
Gordon J. Kangas (P80773)
**BUSH SEYFERTH PLLC**
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone/Fax: (248) 822-7800
douglas@bsplaw.com
mckeever@bsplaw.com
kangas@bsplaw.com

*Attorneys for Defendant lululemon usa inc.*